IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAKELAND REGIONAL MEDICAL CENTER, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTELLAS US, LLC; and ASTELLAS PHARMA US, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>8:10-cv-2008-33TGW<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF LAKELAND RETIONAL MEDICAL CENTER'S RESPONSE IN OPPOSITION TO DEFENDANT ASTELLAS' MOTION FOR PHASED DISCOVERY**

Lakeland Regional Medical Center, Inc. (hereinafter "LRMC") responds in opposition to the motion for "phased" discovery of defendants Astellas US, LLC, and Astellas Pharma US, Inc. (hereinafter "Astellas"). "Phased" discovery, as proposed by Astellas, would cause discovery to be more prolonged and expensive, and would not promote the interest of the parties, the court, or justice.

## Introduction

Federal Rule of Civil Procedure 26(b) defines the scope of discovery proceedings as "any nonprivileged matter that is relevant to any party's claim or defense." That same rule then goes on to discuss when and how limitations to discovery may be instigated, including when "the discovery sought is unreasonably cumulative or duplicative," Fed.R.Civ.P 26(b)(2)(C)(i), when the party seeking discovery has already had ample opportunity to obtain what it needs, Fed.R.Civ.P 26(b)(2)(C)(ii), and when the burden outweighs the likely benefit, Fed.R.Civ.P 26(b)(2)(C)(iii).

The purpose of discovery is to "provid[e] parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, *132 (E.D. Texas 2003) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). In order to serve these purposes, the courts construe the rules of discovery liberally. *Id. Accord Oppenheimer Fund*, 437 U.S. at 351. In fact, the Supreme Court has specifically stated that "discovery is not limited to issues raised in the pleadings…[n]or is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund*, 437 U.S. at 351. In the instant case, all relevant purposes of discovery are promoted by allowing routine discovery at this stage of litigation.

### I.     Defendant Seeks Phased Discovery to Promote Its Own Litigation Strategies.

In its motion for "phased discovery" (hereinafter "Motion"), Astellas first focuses on its desire to arrange its own trial and settlement strategy as a reason to limit discovery. Motion at 3. The purpose of discovery is not to accommodate a party's trial strategy. Rather, discovery is meant to provide the parties with the framework to further develop factual matters relevant to the allegations in the case. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 n.6 (2009) ("Discovery is used to find the details. The judicial officer always knows less than the parties, and the parties themselves may not know very well where they are going or what they expect to find.").

Astellas concedes – and LRMC agrees – that "some of those issues [of class certification] will overlap with 'merits issues.'" Motion at 3. This is precisely why discovery should **not** be "phased," as Astellas suggests. The parties will likely disagree concerning whether certain items sought in discovery are material solely to <u>class</u> issues while other items are material solely to

<u>merits</u> issues. Splitting discovery into "phases" provides Astellas with grounds to object to discovery requests that fairly pertain to <u>class</u> issues by arguing that the information sought, while discoverable, should not be produced (at least not at that time) because it goes to the <u>merits</u> of LRMC's claims. Thus, "phased" discovery as proposed by Astellas will prolong litigation by ensuring duplication and delay; furthermore, "phased" discovery could be more burdensome to the Court if it is called to determine whether a particular item sought in discovery falls in the <u>class</u> or <u>merits</u> category. LRMC proposes to eliminate this concern by undertaking discovery as ordinarily provided by the Federal Rules of Civil Procedure (hereinafter the "Rules"), rather than through Astellas' proposed program of "phased" discovery.

## II. **Phased Discovery Will Unnecessarily Prolong Litigation And Cause Additional Expense.**

Astellas next asserts discovery "costs" as a justification for "phased" discovery. Motion at 3-4. But phased discovery will likely be duplicative and thus far more expensive that discovery as normally had under the Rules. A purpose of the Rules is to foster efficient litigation. *See* Fed.R.Civ.P 1. This purpose is not promoted by dragging out discovery with certain items produced (or concealed) in a <u>class</u> phase and other items dealt with in a <u>merits</u> phase. This practice will only lead to duplicative and delayed discovery. For example, will counsel for either party be required to travel to depose certain witnesses on multiple occasions – once to deal with <u>class</u> issues, and again to deal with <u>merits</u> questions?

On the other hand, allowing routine discovery from the outset of the case, as provided for by the Rules, will allow the parties to fully develop all claims and defenses over the course of the litigation. Judge Easterbrook has stated, "We cannot prevent what we cannot detect; we cannot detect what we cannot define; we cannot define 'abusive' discovery except in theory, because in

practice we lack essential information." *Twombly*, 550 U.S. at 560 n.6 (quoting Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 638-39 (1989)).

### III.   Defendant Seeks to Hide Pivotal Information Through Phased Discovery.

Astellas' last argument in support of "phased" discovery amounts to "others have done it; therefore, we should, too." In support of its contention that "phased" discovery is "the norm, not the exception," Astellas cites a single case from this Circuit: *Hampton Pugh Co. v. Monsanto Co.* Motion at 5. However, Astellas only cites an order from that case "phasing" discovery. *Hampton Pugh Co.*, CV-00-N-1307-W (N.D. Ala. Oct. 31, 2002). This order provides no reasoning or guidance for ordering "phased" discovery and, rather than the norm, appears to be the exception to the rule.

In addition, Astellas relies on language from the Manual for Complex Litigation, stating "initial discovery should focus on matter – witnesses, documents, information – that appear pivotal." § 30 (Antitrust) p.519 (2004). (Disc. Mot. 5.) However, limiting discovery as Astellas has requested would necessarily render some of this otherwise discoverable information off-limits. Many of the witnesses, documents, and information that "appear pivotal" may not fall into the realm of <u>class</u> discovery. Astellas is simply seeking to delay producing discoverable evidence relevant to LRMC's claims for as long as possible.

### Conclusion

Therefore, in keeping with the purposes of discovery to promote efficient litigation by providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement, this Court should deny Astellas' motion for "phased" discovery and order routine discovery to both <u>class</u> and <u>merits</u> issues. Doing so will

more effectively highlight the issues in contention and give incentive for a more cost-effective and expeditious resolution of this matter.

Respectfully submitted this 28th day of January, 2011.

   */s/ Archie I. Grubb, II*
W. DANIEL "DEE" MILES, III
TIMOTHY R. FIEDLER (FBN 0301190)
ARCHIE I. GRUBB, II
*Attorneys for Plaintiff*
**BEASLEY, ALLEN, CROW**
**METHVIN, PORTIS, & MILES, P.C.**
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
*dee.miles@beasleyallen.com*
*tim.fiedler@beasleyallen.com*
*archie.grubb@beasleyallen.com*

   */s/ Stephen R. Senn*
STEPHEN R. SENN (FBN 0833878)
*Attorneys for Plaintiff*
**PETERSON & MYERS, P.A.**
P.O. Box 24628
Lakeland, FL 33802-4628
(863) 683-6511
*ssenn@petersonmyers.com*

## **CERTIFICATE OF SERVICE**

  I certify that on this 28th day of January, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Amanda Arnold Sansone, Esquire
Chris S. Coutroulis, Esquire
CARLTON FIELDS, PA
4221 W Boy Scout Blvd., Suite 1000
Post Office Box 3239
Tampa, FL 33601-3239
asansone@carltonfields.com
ccoultroulis@carltonfields.com

  I further certify that I mailed the foregoing document and the notice of electronic filing by regular U.S. Mail to the following non-CM/ECF participants:

John Treece, Esquire
Megan M. Walsh, Esquire
SIDLEY AUSTIN, LLP
One South Dearborn
Chicago, IL 60603
jtreece@sidley.com
mmwalsh@sidley.com


David P. Frazier, Ph.D.
FINNEGAN, HENDERSON, FARABOW,
GARETT & DUNNER LLP
901 New York Ave., NW
Washington, DC 20001
David.Frazier@Finnegan.com

              */s/ Archie I. Grubb, II*
              ARCHIE I. GRUBB, II