UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAKELAND REGIONAL MEDICAL CENTER,
INC.,

    Plaintiff,
v.                              Case No. 8:10-cv-2008-T-33TGW

ASTELLAS US, LLC and ASTELLAS
PHARMA US, INC.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Astellas's Motion for Phased Discovery (Doc. # 28), which was filed on December 28, 2010. Lakeland Regional filed a Response in Opposition on January 28, 2011. (Doc. # 37). For the reasons that follow, the motion for phased discovery is denied.

**Analysis**

Lakeland Regional initiated this putative class action antitrust litigation against Astellas on September 13, 2010. (Doc. # 1). Lakeland Regional alleges that Astellas has "engaged in anticompetitive, monopolistic, and exclusionary conduct in the marketing, distribution, and sale of a patent license for the process of inducing pharmacological stress in cardiac patients undergoing a 'stress test." (Doc. # 11 at 1). Lakeland Regional also alleges that Astellas has engaged in

anticompetitive, monopolistic, and exclusionary conduct in the marketing of its product "Adenoscan." (Id.) Lakeland Regional filed an amended complaint on October 19, 2010, containing the following counts against Astellas: (1) unlawful tying in violation of the Sherman Act, 15 U.S.C. § 1; (2) exclusive dealing in violation of the Sherman Act and the Clayton Act, 15 U.S.C. § 14; (3) attempt to monopolize in violation of the Sherman Act, 15 U.S.C. § 2; (4) unreasonable restraint of trade in violation of the Florida Antitrust Act of 1980, Florida Statute Section 542.18; (5) attempted monopolization in violation of the Florida Antitrust Act of 1980; and (6) tortious interference with prospective economic advantage.[1]

Astellas seeks an order bifurcating discovery in this action between class certification based discovery and merits based discovery. Astellas refers to this relief as "phased discovery" and contends: "This matter is an antitrust class action case . . . it involves the complex intersection of patent, food and drug, and antitrust law. Limiting Phase 1 discovery to the key class certification issue will enable a class certification motion to be brought, briefed, and

---

[1] Astellas filed a motion to dismiss the amended complaint on November 19, 2010, which has yet to be decided by the Court. (Doc. # 16).

adjudged at an early practicable time while avoiding the much greater costs, burdens and complexities that will be associated with full merits discovery." (Doc. # 28 at 2).

Lakeland Regional, on the other hand, contends that class certification and merits discovery will necessarily overlap, and "the parties will likely disagree concerning whether certain items sought in discovery are material solely to <u>class</u> issues while other items are material solely to <u>merits</u> issues." (Doc. # 37 at 2-3)(emphasis in original). Lakeland Regional further asserts that "splitting discovery into 'phases' provides Astellas with grounds to object to discovery requests that fairly pertain to <u>class</u> issues by arguing that the information sought, while discoverable, should not be produced (at least not at that time) because it goes to the <u>merits</u> of [Lakeland Regional's] claims." (<u>Id.</u> at 3)(emphasis in original). Lakeland Regional also poses the thoughtful inquiry: "[W]ill counsel for either party be required to travel to depose certain witnesses on multiple occasions –once to deal with <u>class</u> issues, and again to deal with <u>merits</u> questions?" (Doc. # 37 at 3)(emphasis in original).

After careful consideration of the arguments presented by both parties, the Court concludes that Astellas's request for

3

phased discovery should be denied.  The Court is not persuaded that phased discovery will conserve the resources of the parties or the Court.  This is because the line between "class issues" and "merits issues" is practically difficult, if not impossible, to determine.  In LaBauve v. Olin Corp., 231 F.R.D. 632, 644 n.21 (S.D. Ala. 2005), the court, discussing its role in deciding class certification motions, noted: "[M]erits and Rule 23 issues are often intertwined, rendering it impossible to address the Rule 23 criteria without at least tangential discussion of the merits."  The Eleventh Circuit has also noted, "evidence relevant to the commonality requirement [of Rule 23 of the Federal Rules of Civil Procedure] is often intertwined with the merits." Nelson v. United States Steel Corp., 709 F.2d 675, 679 (11th Cir. 1983).

Simply stated, if district courts as neutral arbiters of the law find the distinction between merits and class issues to be murky at best, and impossible to discern at worst, the Court cannot imagine how parties with an incentive to hold back damaging evidence, can properly draw the line between these categories of evidence during "phased" discovery.

Furthermore, the Court has reviewed the cases cited by Astellas and determines that none of the cited cases provides

strong support for the request for phased discovery.  In addition, none of the cases provide helpful or practicable guidance for this Court as to how phased discovery should proceed, and none of the cases draws helpful distinctions between merits based and class based discovery.

The Court agrees with Lakeland Regional that phased discovery will "unnecessarily prolong" this litigation and increase the expense involved for both sides. (Doc. # 37 at 3).  The Court also finds that Phased discovery will lead to duplicative and delayed discovery.  Accordingly, the Court denies the motion for phased discovery.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Astellas's Motion for Phased Discovery (Doc. # 28) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of February 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5