UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAKELAND REGIONAL MEDICAL CENTER,
INC.,

    Plaintiff,
v.                                Case No. 8:10-cv-2008-T-33TGW

ASTELLAS US LLC, and ASTELLAS
PHARMA US, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Astellas's Motion to Strike Class Action Allegations from the First Amended Complaint, or Alternatively, for a Case Management Conference to Set a Schedule for Class Certification Briefing (Doc. # 90), which was filed on May 4, 2012. Lakeland Regional Medical Center filed a Response to the Motion to Strike (Doc. # 94) on May 21, 2012. Also before the Court is Lakeland Regional's Motion to Extend Time for Filing Class Certification Brief (Doc. # 95), filed on May 22, 2012. Astellas filed a Response to the Extension Motion on June 6, 2012, (Doc. # 98), and Lakeland Regional Filed a Reply Memorandum (Doc. # 109) on June 21, 2012, with leave of Court. For the reasons that follow, the Court grants the Extension Motion and denies the Motion to Strike as moot.

I.  **Factual and Procedural Background**

Lakeland Regional, a "full-service hospital," is a not-for-profit Florida corporation with its headquarters in Lakeland, Florida. (Doc. # 11 at ¶ 7). Defendants Astellas US, LLC and Astellas Pharma US, Inc. (collectively, "Astellas") are Delaware corporations with headquarters in Deerfield, Illinois. Id. at ¶ 8. Astellas is the exclusive licensee of two patents involving the administration of adenosine to patients undergoing cardiac stress tests. Lakeland Regional alleges that Astellas has engaged in unlawful, anticompetitive, monopolistic, and exclusionary activity with respect to adenosine in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, the Clayton Antitrust Act, 15 U.S.C. § 14, Florida antitrust law, and Florida common law.

Lakeland Regional initiated this action against Astellas on September 13, 2010, and filed an amended, putative class action complaint on October 19, 2010. (Doc. ## 1, 11). Lakeland Regional's amended complaint arrays the following counts against Astellas: unlawful tying (count one), exclusive dealing (count two), attempted monopolize (count three), unreasonable restraint of trade (count four), attempted monopolization (count five), and tortious interference with a

prospective economic advantage (count six).  Astellas filed a Motion to Dismiss the Amended Complaint (Doc. # 16), which this Court denied. (Doc. # 66).  The parties filed the Case Management Report (Doc. # 27) on December 17, 2010, and as this is a Track Three Case, the Court set a preliminary pretrial conference before the assigned Magistrate Judge. (Doc. # 31).  Astellas filed a Motion for Phased Discovery (class discovery to be conducted before merits discovery)(Doc. # 28), which this Court denied, finding, "phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides [and] will lead to duplicative and delayed discovery." (Doc. # 40 at 5).

On February 24, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. # 47) concerning the case management deadlines.  On March 14, 2011, the Court issued its Case Management and Scheduling Order. (Doc. # 58).  Neither the Report and Recommendation nor the Court's Case Management and Scheduling Order addressed the deadline for Plaintiff to file a motion for class certification.  At this juncture, Astellas seeks an order striking from the amended complaint all class allegations, as Lakeland Regional failed to timely move for class certification under the Court's Local Rules. Lakeland Regional seeks an extension of time in which to move for class certification.

**II.  Analysis**

Local Rule 4.04(b), M.D. Fla., provides that motions for class certification shall be filed within ninety days following the filing of the initial complaint, unless the time is extended by the Court for cause shown.  Here, Lakeland Regional filed its initial complaint on September 13, 2010. Accordingly, under the Local Rules, Lakeland Regional's motion for class certification should have been filed by December 13, 2010.

However, it should be noted that both parties contemplated that Lakeland Regional's motion for class certification would be filed at a later time.  For instance, the parties initially agreed in the Case Management Report that Lakeland Regional would file its motion for class certification by September 11, 2011. (Doc. # 27 at 11). Astellas also represents that it previously agreed to Lakeland Regional filing its motion for class certification by January 25, 2012, or May 10, 2012, and that Lakeland Regional "reneged" on those two proposed deadlines. (Doc. # 90 at 2).

Lakeland Regional requests the opportunity to file its motion for class certification by August 6, 2012.  The Court determines that it is appropriate to grant a limited extension of time for Lakeland Regional to file the motion for class

certification, but declines to allow Lakeland Regional until August 6, 2012.[1]

Lakeland Regional has demonstrated excusable neglect for missing the deadline set forth in the Local Rules.  Although it would have been a far better choice for Lakeland Regional to seek an extension of time prior to the expiration of the deadline, the Court agrees with Lakeland Regional that, due to the complex nature of this case, a worthwhile motion for class certification could not have been filed within that initial ninety day period after Lakeland Regional filed its complaint. The Court also agrees with Lakeland Regional that the requirements of Rule 23 cannot be satisfied with skeletal, perfunctory motions for class certification.  As explained by Justice Scalia in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551-52 (2011):

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule--that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law and fact, etc.... [C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.... Frequently, that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim.

---

[1] The Court also declines to postpone the Case Management and Scheduling Order deadlines as proposed by Lakeland Regional.

<u>Id.</u> (internal citations and quotation marks omitted).

Balancing the equities and in consideration of the foregoing, the Court determines that it is appropriate to allow Lakeland Regional to file its motion for class certification by July 13, 2012. Astellas has until July 26, 2012, to respond to the motion for class certification. Lakeland Regional may file a reply, limited to ten pages, by August 3, 2012.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Lakeland Regional's Motion to Extend Time for Filing Class Certification Brief (Doc. # 95) is **GRANTED** consistent with the foregoing.

(2) Astellas's Motion to Strike Class Action Allegations from the First Amended Complaint, or Alternatively, for a Case Management Conference to Set a Schedule for Class Certification Briefing (Doc. # 90) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record