UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAKELAND REGIONAL MEDICAL CENTER,
INC.,

        Plaintiff,

v.                        Case No.  8:10-cv-2008-T-33TGW

ASTELLAS US, LLC and ASTELLAS
PHARMA US, INC.,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Emergency Motion for Extension of Time for Service of One Rebuttal Report (Doc. # 124), which was filed on August 10, 2012. Defendants filed a Response in Opposition to the Motion (Doc. # 127) on August 13, 2012.  The Court grants the Motion as follows.

**Analysis**

Plaintiff initiated this putative class action antitrust case against Defendants on September 13, 2010. (Doc. # 1). The Court entered its Case Management and Scheduling Order (Doc. # 58) on March 14, 2011.  Therein, the Court set the discovery deadline as September 13, 2012, set the deadline to disclose experts as July 14, 2012, and set the deadline to disclose rebuttal experts as August 13, 2012.  Id.   The

pretrial conference is set for March 21, 2013, and the case is on the Court's April 2013, trial term.  Plaintiff has filed a Motion for Class Certification, which is not yet ripe for the Court's review.  (Doc. # 116).

At this juncture, Plaintiff indicates that it timely disclosed all of its rebuttal experts except for its expert on regulatory matters.  As for this unnamed expert, Plaintiff explains:

> Our expert on regulatory matters is unable to have his report ready by [August 13, 2012]. . . . Undersigned counsel originally retained a different expert on this subject, who believed he could comply with the deadline.  This original expert then had second thoughts . . . [and] withdrew. By the time it was clear that the original expert would not reconsider there was only one week in which to identify and retain a substitute.  We have now done so, but the new expert  . . . requires a two-week extension of time in which to complete his analysis of the issues and compile and finalize his report.

(Doc. # 124 at 3).

Plaintiff indicates that Defendants will suffer no prejudice if the extension is granted because Defendants can depose this unnamed expert after the discovery cut off period, if necessary.  In the Motion, Plaintiff also mentions that the parties are "currently engaged in discussions for scheduling over thirty different individuals [for deposition] in at least

five different cities, between now and September 14, 2012."
(Doc. # 124 at 4).

In response, Defendants explain that "the parties are
struggling to complete fact discovery by the Court's September
[14], 2012, deadline. [Plaintiff] has not yet provided any
deposition dates for its rebuttal experts, except for Dr.
McGuire; nor has it provided dates for several of its fact
witnesses that [Defendants] asked to depose." (Doc. # 127 at
3).

The Court determines that it is appropriate to grant a
limited extension, until and including August 24, 2012, for
Plaintiff to disclose its rebuttal expert's report.  The Court
acknowledges that the parties are currently engaged in
herculean efforts to complete their depositions prior to the
close of discovery on September 14, 2012.  With thirty
depositions to be taken in a one month period, the Court does
not think that granting a limited extension as to one rebuttal
expert will cause any substantial prejudice.  Any minimal
prejudice stemming from the limited extension granted herein
is outweighed by the great prejudice that would befall
Plaintiff if the Court were to deny the extension sought,

leaving Plaintiff without the benefit of its chosen rebuttal expert.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff's Emergency Motion for Extension of Time for Service of One Rebuttal Report (Doc. # 124) is **GRANTED.**

(2)   Plaintiff has until and including August 24, 2012, to disclose its rebuttal expert's report.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of August 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

-4-