UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAKELAND REGIONAL MEDICAL
CENTER, INC.,

      Plaintiff,        Case No.: 8:10-cv-2008-T-33TGW

v.

ASTELLAS US, LLC and ASTELLAS
PHARMA US, INC.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Lakeland Regional's Motion for Reconsideration of Order Denying Motion for Class Certification (Doc. # 154), filed on October 9, 2012. Astellas filed a Response in Opposition to the Motion (Doc. # 156) on October 25, 2012, and Lakeland Regional filed a Reply, with leave of Court, on November 7, 2012. (Doc. # 159). For the reasons that follow, the Court denies the Motion for Reconsideration.

**Discussion**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic

Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at * 11. (Internal citation and quotation marks omitted).

Here, Lakeland Regional has failed to meet its burden of demonstrating via facts or law of a strongly convincing nature that reconsideration is required. Lakeland Regional provides this Court with a scholarly analysis of antitrust law and presents creative arguments in an effort to convince this Court that a change in the law is warranted. This Court, however, declines Lakeland Regional's invitation to deviate from the standards set forth in <u>Illinois Brick</u> and its progeny.[1]

In addition, Lakeland Regional has not come forward with new evidence, nor has it demonstrated that reconsideration is mandated to correct an error or to prevent manifest injustice. This Court gave careful consideration to Lakeland Regional's motion for class certification and ultimately determined that the motion should be denied. Lakeland Regional's instant Motion for Reconsideration rehashes matters that have already been decided. Rather than providing a new perspective on the issues, Lakeland Regional has, instead, reasserted its prior arguments, which this Court has thoroughly addressed. Thus, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

---

[1] See <u>Illinois Brick Co. v. Illinois</u>, 431 U.S. 720 (1977); <u>Kansas v. Utilicorp United, Inc.</u>, 497 U.S. 199 (1990).

Lakeland Regional's Motion for Reconsideration of Order Denying Motion for Class Certification (Doc. # 154) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of January 2013.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record